**Scot A. REINERT, Petitioner,**

**v.**

**David H. LARKIN, Superintendent, et al., Respondents.**

**No. 98–CV–5257.**

United States District Court, E.D. Pennsylvania.

June 28, 2002.

Theodore Simon, Philadelphia, PA, for Petitioner.

Kelly B. Waldron, Douglas G. Reichley, District Attorney's Office, Allentown, PA, for Respondents.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

Petitioner Scot Reinert ("Reinert") brings this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree murder. I referred the petition to United States Magistrate Judge James R. Melinson for a Report and Recommendation ("R & R") in accordance with 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Melinson filed the R & R, recommending that I deny the petition. Reinert filed timely objections. For the reasons set forth below, I will overrule Reinert's objections, adopt the R & R as supplemented by this Memorandum, and deny the petition for writ of *habeas corpus*.

### I. Background and Procedural History

The Magistrate's R & R contains a full recitation of the factual background of Reinert's case.

On January 31, 1992, following a jury trial in the Court of Common Pleas of Lehigh County, Scot Reinert was convicted of murder in the first degree. On November 15, 1994, the trial court denied Reinert's post-sentencing motions. *Commonwealth v. Reinert*, No.1128/1991, slip op. (Lehigh C.C.P. Nov. 15, 1994) ("*Reinert I*"). Reinert appealed.

On January 23, 1996, on direct appeal the Superior Court of Pennsylvania affirmed. *Commonwealth v. Reinert*, No. 4349 Phila. 1994, 1996 WL 254606 (Pa.Super.Ct. January 23, 1996) ("*Reinert II*"). The Supreme Court of Pennsylvania denied Reinert's petition for allowance of appeal on September 26, 1996. *Commonwealth v. Reinert*, 545 Pa. 677, 682 A.2d 309 (1996) (table). On October 6, 1997, the

**594**

United States Supreme Court denied Reinert's petition for a writ of certiorari. *Reinert v. Pennsylvania*, 522 U.S. 810, 118 S.Ct. 52, 139 L.Ed.2d 17 (1997).

On October 2, 1998, Reinert filed a petition for writ of *habeas corpus*. I referred the petition to Magistrate Judge Melinson, who recommended on May 27, 1999 that the petition be dismissed without prejudice for failure to exhaust state court remedies. On July 13, 2000, I adopted Magistrate Judge Melinson's Report and Recommendation, but amended the Order to permit Reinert to withdraw his unexhausted claims and proceed with the remaining claims. The grant of the request to amend the petition was memorialized in an Order on July 13, 2000. On November 30, 2000, Reinert filed the amended petition for a writ of *habeas corpus*.

On May 17, 2001, Magistrate Judge Melinson issued his R & R, finding that Reinert was not entitled to *habeas* relief under any of the claims raised in his amended petition, and therefore recommending that Reinert's amended petition be denied with prejudice. On August 1, 2001, Reinert filed objections to Magistrate Judge Melinson's R & R. I will approve and adopt the R & R as supplemented by this memorandum.

## II. *Standard of Review*

Where a petition for a writ of *habeas corpus* has been referred to a magistrate judge for a Report and Recommendation, the district court "shall make a de novo determination of those portions of the report … to which objection is made … [The court] may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate." 28 U.S.C. § 636(b).

### A. *Review of Claims Under Section 2254*

28 U.S.C. § 2254 authorizes federal courts to grant *habeas* relief to a prisoner "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

*Habeas corpus* relief shall be granted if the state court judgment: (1) was contrary to … clearly established Federal law, as determined by the Supreme Court of the United States; (2) "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) was the result of "an unreasonable determination of the facts in light of the evidence presented" in state court. 28 U.S.C. § 2254(d).

■ A state court judgment is "contrary to clearly established Federal law" if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law, or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

■ A state court judgment "involve[s] an unreasonable application of clearly established Federal law" if "the state court identifies the correct governing legal principle … but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. *Id.* at 409, 120 S.Ct. 1495; *Werts v. Vaughn*, 228 F.3d 178, 197 (3d Cir.2000). In determining whether the state court's application of Supreme Court

precedent was objectively unreasonable, *habeas* courts may consider the decisions of inferior federal courts. *Matteo v. Superintendent,* 171 F.3d 877, 890 (3d Cir. 1999).

State court factual determinations are entitled to a presumption of correctness. 28 U.S.C. § 2254 provides: "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

### B. Review of Ineffective Assistance of Counsel Claims

Several of Reinert's claims allege ineffective assistance of counsel by his trial attorneys. Claims of ineffective assistance are analyzed under the two-part test articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to merit *habeas* relief based on ineffectiveness of counsel, Reinert must establish that (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. To establish deficient performance, Petitioner must overcome a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See id.* at 689, 104 S.Ct. 2052. *Strickland* establishes a demanding standard of ineffectiveness that requires a *habeas* petitioner to prove the "gross incompetence" of his counsel. *See Kimmelman v. Morrison,* 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Where counsel failed to raise a meritless claim, *habeas* relief under *Strickland* is not available. *See Strickland,* 466 U.S. at 691, 104 S.Ct. 2052; *Holland v. Horn,* 150

F.Supp.2d 706, 770 (E.D.Pa.2001); *Holloway v. Horn,* 161 F.Supp.2d 452, 583–84 (E.D.Pa.2001). To establish prejudice, Reinert must show "a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

### III. *Discussion*

Reinert raises seven claims in his petition, several of which involve multiple subclaims. I will discuss each of the claims in turn. Reinert asserts the following allegedly exhausted claims:

Claim I: the police conducted an illegal search of his home in violation of the Fourth Amendment and that his trial counsel was ineffective in arguing this claim in a suppression hearing;

Claim II: his Fifth Amendment rights were violated due to improper custodial interrogation;

Claim III: the deficient performance of his attorney during pretrial and trial proceedings violated his Sixth Amendment right to effective assistance of counsel;

Claim IV: improper jury instructions and his trial attorney's failure to object to them violated his Sixth Amendment rights to a fair trial and effective assistance of counsel;

Claim V: the trial court violated his Fifth and Sixth Amendment rights by erroneously excluding evidence of the victim's use of Prozac;

Claim VI: the trial court violated his Sixth Amendment rights by admitting inflammatory items into evidence; and

Claim VII: various trial errors violated his Sixth Amendment rights.

## Claim I: Violation of Fourth Amendment Rights by a Warrantless Search

### A. Illegal Search

Reinert contends that police conducted "an intrusive and pervasive" search of his home without a search warrant and without exigent circumstances. He alleges that officers arrived at his home and conducted a protective warrantless search in order to secure the premises, and that once this search was completed and the residence was secured, later arriving officers conducted a second warrantless search. Reinert does not challenge the initial search, but he argues that once these officers completed their protective sweep, no exigent circumstances existed to authorize a second warrantless search.

Reinert argued this claim in a pre-trial suppression hearing, where the court found the following facts:

On Sunday, March 10, 1991, shortly after the noon hour, the Allentown Police Department received a call and responded to 120 North West Street, Allentown, Lehigh County, Pennsylvania. The call came from Charles Ketner, the stepfather of [Reinert]. Upon arrival the police were admitted to the premises by Mr. Ketner.

Upon entering the living room, police observed [Reinert] sitting on the floor, with apparent injuries from a sharp instrument. The police radioed for Emergency Medical Services. Upon the advice of Mr. Ketner, the police proceeded to the third floor where they observed the body of Sean Brady, dead of apparent stab wounds . . .

At 12:40 P.M., Detective Joseph Stauffer arrived at the scene accompanied by Detective Glen Granitz and shortly thereafter Sergeant Thomas Moyer of the Identification Unit arrived. The officers took pictures of the scene, made physical determinations concerning the body, and obtained formal identification of the body.

The officers then proceeded to go through the house to determine if there were any other persons present who may have been involved in the death of Sean Brady and injury to [Reinert]. As the police proceeded through the house they observed certain items relevant to the incident, such as blood-stained articles. In the bathroom on the second floor they observed a butcher knife, as well as a razor blade, scissors, and a large amount of blood. These items, as well as clothing and articles stained with blood located throughout the house were picked up by Detective Granitz and seized as evidence . . . all items seized by police were in plain view.

*Commonwealth v. Reinert*, No. 1128/1991 at 1–2, 9–10 (Lehigh C.C.P. Sept. 13, 1991).

The trial court, in consideration of these facts, denied Reinert's motion to suppress the evidence seized from his residence. On appeal, the Superior Court of Pennsylvania affirmed.

In *Stone v. Powell*, the Supreme Court held that, "where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). "Even otherwise potentially meritorious Fourth Amendment claims are barred on habeas [review] when the petitioner had a full and fair opportunity to litigate them."

*Deputy v. Taylor,* 19 F.3d 1485, 1491 (3d Cir.1994).

Reinert contends that his Fourth Amendment claim is not barred under *Stone* because: (1) the Commonwealth waived the defense; and (2) he did not receive a full and fair opportunity to litigate this claim in state court.

### 1. *Waiver of the Defense*

"The state has the burden to raise the *Stone v. Powell* defense .... the state's failure to do so in a timely and unequivocal manner may waive the defense." 2 James S. Liebman & Randy Hertz, *Federal Habeas Corpus Practice and Procedure* § 27.2 (3d ed. 1998); *see also Wallace v. Duckworth,* 778 F.2d 1215, 1219–20 n. 1 (7th Cir.1985) (noting that *Stone v. Powell* is not a jurisdictional rule that the court must raise sua sponte (citing *Stone,* 428 U.S. at 495, n. 37, 96 S.Ct. 3037)). In this case, the Commonwealth raised the *Stone* defense in its answer to Reinert's amended petition, filed August 23, 2001. (Resp'ts' Answer at 18.) The Commonwealth has not waived the defense.

### 2. *Full and Fair Opportunity to Litigate the Claim in State Court*

■ In *Stone,* the Supreme Court did not expressly articulate what it means to have a full and fair opportunity to litigate a Fourth Amendment claim in state court. However, the Court cited its prior decision in *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). *Stone,* 428 U.S. at 494 n. 36, 96 S.Ct. 3037. In *Townsend,* the Court held that a full and fair hearing does not occur if: "(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state was not adequate to afford a full and

fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; (6) for any reason the state trier of fact did not afford the habeas applicant a full and fair fact hearing." *Townsend,* 372 U.S. at 313, 83 S.Ct. 745; *see also Deputy,* 19 F.3d at 1491 (citing *Townsend* in a discussion of full and fair opportunity to litigate).

■ While some courts have held that *Townsend* is not the exclusive measure of "opportunity for full and fair litigation", *see, e.g., Gamble v. Oklahoma,* 583 F.2d 1161, 1164 (10th Cir.1978), the Third Circuit found that a *habeas* petitioner had an opportunity for full and fair litigation where, as in this case, the state courts provided an opportunity for a pretrial suppression motion, and the Superior Court considered the Fourth Amendment claim on appeal. *See U.S. ex rel Hickey v. Jeffes,* 571 F.2d 762, 766 (3d Cir.1978). Even if a federal court believes that the claim was wrongly decided by the state court, *Stone v. Powell* precludes reexamination of the state court's determination that no Fourth Amendment violation occurred as long as there was a full and fair opportunity to litigate the claim. *See Gilmore v. Marks,* 799 F.2d 51, 56 (3d Cir. 1986) ("Under *Stone v. Powell,* a federal court may not reexamine the state court's determination that no Fourth Amendment violation occurred").

Reinert argued his Fourth Amendment claim in a pre-trial suppression hearing and on appeal to the Superior Court of Pennsylvania. He claims that he was denied a full and fair opportunity to litigate his Fourth Amendment claim because certain testimony was not presented at the suppression hearing, and because the state courts misapplied the applicable federal law. That he failed to present certain testimony on these occasions does not pre-

598

vent a finding that Reinert had a full and fair opportunity to litigate his Fourth Amendment claim in state court. *See Jeffes,* 571 F.2d at 766 (denying *habeas* review of a Fourth Amendment claim where a pre-trial suppression hearing was available and the claim was considered on appeal). In denying Reinert's Fourth Amendment claim, the suppression court relied on Supreme Court precedent from *Arizona v. Hicks,* 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987), which established the requirements for the plain view exception to the warrant requirement, and found that those requirements were met in this case. The suppression court also found the facts of Reinert's Fourth Amendment claim distinguishable from those present in *Mincey v. Arizona,* 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978), where the Supreme Court determined that a four-day, full-scale warrantless search and seizure violated the defendant's Fourth Amendment rights.[1]

In *Stone,* the Court noted that, "the argument that federal judges are more expert in applying federal constitutional law is especially unpersuasive in the context of search and seizure claims, since they are dealt with on a daily basis by trial level judges in both systems." *Stone,* 428 U.S. at 493 n. 35, 96 S.Ct. 3037. I conclude that whether or not the state courts correctly decided Reinert's Fourth Amendment claim, he received a full and fair opportunity to litigate it in state court. Therefore, *habeas* relief is not merited on

this claim. Reinert's objection is overruled.

### B. Ineffective Assistance of Counsel

Reinert raises a claim of ineffective assistance of counsel in connection with his Fourth Amendment claim,[2] arguing, *inter alia,* that his counsel's ineffective performance in arguing his motion to suppress prevented him from receiving a full and fair opportunity to litigate his Fourth Amendment claim in state court.

Reinert claims that his trial counsel's performance was objectively unreasonable with respect to his Fourth Amendment claim because his attorney: (1) failed to call Officer Martz, the first arriving officer, to testify at the suppression hearing; and (2) failed to renew the motion to suppress after Officer Martz testified at trial.

### 1. Failure to Call Officer Martz

■ In order to establish ineffectiveness of counsel, Reinert must first show that counsel's performance fell well below an objective standard of reasonableness. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. When the ineffective assistance claim is tied to a Fourth Amendment claim, "only those *habeas* petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys are entitled to the writ and to retrial without the challenged evidence." *Kimmelman v. Morrison,* 477

---

1. Petitioner claims that the state courts erred in failing to address *Thompson v. Louisiana,* 469 U.S. 17, 105 S.Ct. 409, 83 L.Ed.2d 246 (1985) (holding that evidence seized during a warrantless "murder scene" search was inadmissible under *Mincey*). In *Thompson,* the police obtained evidence from closed containers. Here, the police relied on the plain view exception. *See Hicks,* 480 U.S. 321, 107 S.Ct. 1149. The Court's decision in *Thompson* is not relevant because the plain view exception

did not pertain to that case. The state courts were not obligated to discuss *Thompson,* and their failure to do so did not undermine Reinert's opportunity for full and fair litigation.

2. Reinert raises several claims of ineffective assistance of counsel in his amended petition. I will discuss those ineffective claims which bear on his Fourth Amendment claim in this section, and I will discuss the remainder *infra,* pp. 599, 606.

U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

■ The decision of whether or not to call a particular witness is a matter open to differences of opinion. *See Sanders v. Trickey,* 875 F.2d 205, 212 (8th Cir.1989) (characterizing the decision to call a witness as "precisely the type of strategic decision which *Strickland* protects from second-guessing"); *United States v. Garguilo,* 324 F.2d 795 (2d Cir.1963) ("The advisability of calling particular witnesses ... [is a matter] open to honest differences of opinion"). Reinert has not cited any law to overcome the strong presumption that counsel's decision not to call Officer Martz was the result of sound trial strategy. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. I therefore cannot conclude that trial counsel's failure to call Officer Martz at the suppression hearing was objectively unreasonable.

■ Even if counsel was ineffective in not calling ·Officer Martz at the suppression hearing, Reinert has not shown that Officer Martz's testimony would have, with reasonable certainty, produced a· different result at the suppression hearing. *See id.* at 689, 104 S.Ct. 1949; *Werts v. Vaughn,* 228 F.3d 178, 204 (3d Cir.2000). According to Reinert, Officer Martz would have testified at the suppression hearing that he secured the crime scene and performed a protective walkthrough. Reinert contends that his testimony would have supported the motion to suppress by demonstrating that the later search was conducted absent exigent circumstances. This testimony would have been virtually identical to testimony that Officers Zimmerman and Lembach gave at the suppression hearing. (N.T., August 21, 1991 at 33, 48.) Thus,

Reinert cannot show that Officer Martz's testimony would have, with reasonable certainty, resulted in the suppression of the contested evidence.

Reinert has not established either the deficient performance or prejudice necessary to demonstrate ineffective assistance under *Strickland.* The state court decision was thus not an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Therefore, *habeas* relief is not merited on this claim. Reinert's objection is overruled.

> 2. *Failure to Renew the Motion to Suppress after Officer Martz Testified at Trial*

■ "There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders,* 165 F.3d 248, 253 (3d Cir.1999). Reinert must therefore demonstrate that his motion to suppress would not inevitably have failed on its merits in order to sustain his ineffective claim.

Under Pennsylvania law, a court may not reconsider a pretrial suppression ruling unless new evidence is offered. *See* Pa.R.Crim.P. 581(J) ("If the court determines that the evidence shall not be suppressed, such determination shall be final, conclusive, and binding at trial, except upon a showing of evidence which was theretofore unavailable").[3] The Pennsylvania Superior Court found that Reinert failed to identify any new evidence. *See Reinert II* at 7. A renewed motion to suppress would therefore have failed.

Reinert has not established ineffective assistance of counsel in connection with

---

**3.** This rule was cited in the Commonwealth's answer as Pa.R.Crim.P. 323(J). It was later renumbered as Rule 581.

this claim. Therefore, Reinert's objection is overruled.

## Claim II: Violation of Fifth Amendment Based on Involuntary Confessions

Reinert claims that inculpatory statements he made on his way to the hospital were admitted into evidence at trial in violation of his Fifth Amendment rights because police did not advise him of his *Miranda* rights. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In addition, he submits that statements he made after receiving *Miranda* warnings were made after he involuntarily waived those rights.

The factual circumstances found by the trial court surrounding Reinert's pre-*Miranda* statement are as follows:

> Mr. Snyder and other paramedics took [Reinert] to the ambulance in the company of Officers Zimmerman and Robert Lembach ... In the ambulance, paramedic Snyder made a vital signs and physical assessment of the defendant. In addition, he asked the defendant certain questions to determine his orientation, and concluded that he was oriented in three spheres.
>
> Also in the course of the examination, Mr. Snyder observed another wound, this one to the stomach area. As is customary, the paramedic asked him what happened. The defendant responded, "I stabbed him."
>
> At that point Officer Zimmerman advised [Reinert] of his Miranda rights, and [Reinert] indicated that he understood his rights and that he wished to make the statement.[4] Officer Zimmerman then asked him what happened and

[Reinert] repeated his statement that he had stabbed the victim with a butcher knife and then "did myself".

*Commonwealth v. Reinert,* No. 1128/1991 at 4–5 (Lehigh C.C.P. Sept. 13, 1991).

The trial court then denied Reinert's motion to suppress the statement, finding that Reinert was neither in custody, nor subject to interrogation by police officers. *See id.* at 13. The Superior Court of Pennsylvania affirmed.

 The voluntariness of a confession is a mixed question of fact and law that is subject to independent consideration in federal *habeas* proceedings, but the state courts' resolution of subsidiary factual issues on which the voluntariness decisions are based are entitled to a presumption of correctness. *See Miller v. Fenton,* 474 U.S. 104, 112, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985). The court must evaluate the totality of the circumstances to determine whether the confession was in fact voluntary. *See Arizona v. Fulminante,* 499 U.S. 279, 285, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). "Unless there is 'police conduct causally related to the confession,' a confession is considered voluntary." *U.S. v. Swint,* 15 F.3d 286, 289 (3d Cir.1994) (quoting *Connelly,* 479 U.S. at 164, 107 S.Ct. 515).

### A. Custodial Interrogation

 *Miranda* warnings are required when an individual is questioned while in police custody. *See Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). Custodial interrogation is defined

---

4. Reinert contends that Officer Zimmerman asked a question prior to advising him of his *Miranda* rights. However, the state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e). Reinert fails to offer clear and convincing evidence challenging the state court's determination. Thus, I will accept the state court's determination that Officer Zimmerman advised Reinert of his *Miranda* rights before asking any questions.

as "questioning initiated by law-enforcement officers after a person has been taken into custody." *Miranda*, 384 U.S., at 444, 86 S.Ct. 1602. The proper inquiry for determining whether an individual is in custody is, "whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (quoting *Mathiason*, 429 U.S. at 495, 97 S.Ct. 711).

Reinert's initial inculpatory statement was made in response to the paramedic's questioning. Reinert argues, however, that the presence of police, combined with his physical condition at the time, restricted his movement. He contends that he was therefore subjected to a custodial interrogation.

Although police officers were present when medical personnel conducted the questioning that prompted Reinert's admission, their mere presence does not transform the situation into a custodial interrogation. *See Mathiason*, 429 U.S. at 495, 97 S.Ct. 711 ("A noncustodial situation is not converted into one in which *Miranda* applies simply because ... the questioning took place in a 'coercive environment' "). Reinert also argues that he was entitled to *Miranda* warnings because the paramedic questioned him as an agent of the police, but he cites no case law to support this argument.

The state court determination that Reinert's Fifth Amendment rights were not violated by the admission of his pre-*Miranda* statement was not an unreasonable application of *Miranda*. *See* 28 U.S.C. § 2254(d)(1). Therefore, *habeas* relief is not merited on this claim. Reinert's objection is overruled.

### B. Involuntary Waiver of Miranda Rights

 Reinert also claims that his Fifth Amendment rights were violated by the admission of statements he made after he was advised of his *Miranda* rights. Reinert challenges the statement he made in the ambulance after Officer Zimmerman advised him of his *Miranda* rights and statements given to a Detective Stauffer during an interview in the hospital, after again receiving *Miranda* warnings.[5] Reinert contends that he involuntarily waived his *Miranda* rights. The state court found that Reinert waived his *Miranda* rights voluntarily, and denied his motion to suppress these statements.

██ A defendant may waive his *Miranda* rights, but the prosecution must establish by the preponderance of the evidence that the waiver was voluntary. *Colorado v. Connelly*, 479 U.S. 157, 168, 107 S.Ct. 515, 93 L.Ed.2d 473. The Supreme Court set forth a two-part test for determining the voluntariness of a waiver:

First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or duress. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court

---

5. Reinert also challenges statements he made to nurses in the emergency room. He contends that the nurses were acting as agents of the police and he was not advised of his *Miranda* rights. The state courts found that Reinert's statements were prompted by routine medical questions, and the nurses were not acting at the behest of the police. Thus, *Miranda* warnings were unnecessary.

properly conclude that the *Miranda* rights have been waived.

*Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986).

The first prong of the voluntary waiver inquiry · concerns governmental coercion. "The voluntariness of a waiver of [the Fifth Amendment] privilege has always depended on the absence of police over-reaching, not on 'free choice' in any broader sense of the word." *Connelly*, 479 U.S. at 170, 107 S.Ct. 515 (finding confession voluntary where defendant argued that mental illness prevented him from making a free choice to waive his *Miranda* rights). The state court found that "the method of interrogation involved no coercion, threats or other similar techniques that would pressure the defendant." *Commonwealth v. Reinert*, No. 1128/1991 at 15 (Lehigh C.C.P. Sept. 13, 1991). Reinert's waiver was therefore the product of a free and deliberate choice. *See Moran*, 475 U.S. at 421, 106 S.Ct. 1135.

The second prong of the voluntary waiver inquiry warrants an examination of Reinert's mental state at the time of the waiver. The state court found that police officers evaluated Reinert's awareness prior to questioning him in the ambulance, and received assurances from the attending physician that he was alert and coherent before they questioned him at the hospital several hours after surgery. *Commonwealth v. Reinert*, No. 1128/1991 at 8 (Sept. 13, 1991).

Reinert points to affidavits which purportedly suggest that he did not have full awareness of his rights and the consequences of waiving them. I may not evaluate those affidavits because they were not properly presented to the state courts. *See* 28 U.S.C. § 2254(e)(2).

The state court determination that Reinert voluntarily waived his Fifth Amendment rights was not an unreasonable application of *Miranda*. *See* 28 U.S.C. § 2254(d)(1). Therefore, *habeas* relief is not merited on this claim. Reinert's objection is overruled.

**Claim III: Violation of Sixth Amendment Rights to Effective Assistance of Counsel and a Fair Trial**

Reinert also alleges the following errors made by his trial attorney, which he claims deprived him of his Sixth Amendment right to effective assistance of counsel:

(1) failure to call expert witnesses to testify to Reinert's physical and mental condition at the time that he waived his *Miranda* rights;

(2) failure to advise Reinert of his right to testify at the suppression hearing;

(3) failure to introduce a 911 tape;

(4) failure to testify at the suppression hearing; and

(5) failure to call an expert witness to testify about Prozac.

In adjudicating these claims, the state courts applied the three-part standard developed by the Pennsylvania Supreme Court, requiring the defendant to demonstrate: "(1) that the underlying claim is of arguable merit; (2) that counsel's performance was unreasonable; and (3) that counsel's ineffectiveness prejudiced defendant." *Reinert II* at 4; *Commonwealth v. Douglas*, 537 Pa. 588, 645 A.2d 226, 230–31 (1994); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987). The Third Circuit has ruled that this standard is materially identical to · the *Strickland* test. *See Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir.2000) (holding that where the state court evaluated an ineffective assistance claim for reasonableness and prejudice, the decision was not contrary to *Strickland* ). The "contrary to" clause therefore does not apply, and I will consider whether the state court resolution of these claims involved an unreasonable application of *Strickland*. *See id.* ("The appropriate in-

quiry is whether the Pennsylvania courts' application of *Strickland* to [petitioner's] ineffectiveness claim was objectively unreasonable, *i.e.,* the state court decision, evaluated independently and on the merits, resulted in an outcome that cannot reasonably be justified under *Strickland* ").

### 1. Failure to Present Expert Testimony at the Suppression Hearing Concerning Reinert's Ability to Waive His Miranda Rights

■ The Superior Court of Pennsylvania rejected this claim because, in Pennsylvania, "trial counsel need not introduce expert testimony on his client's behalf if he is able to cross-examine prosecution witnesses and elicit helpful testimony." *Reinert II,* at 7–8 (quoting *Commonwealth v. Williams,* 537 Pa. 1, 640 A.2d 1251, 1265 (1994)). The Superior Court found that Reinert's trial counsel thoroughly cross-examined prosecution witnesses regarding his physical and mental condition at the time that he waived his *Miranda* rights. *See id.* at 8. In addition, the court found that the Commonwealth's evidence established that Reinert knowingly and voluntarily waived his *Miranda* rights. *See id.* Reinert is therefore unable to establish a reasonable probability that the result of the suppression hearing would have differed had his trial counsel introduced expert testimony. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Reinert cannot establish prejudice, so the state court decision that trial counsel was not ineffective was not an unreasonable application of *Strickland. See* 28 U.S.C. § 2254(d)(1). Therefore, *habeas* relief is not merited on this claim. Reinert's objection is overruled.

### 2. Failure to Advise Reinert That He Could Testify at the Suppression Hearing

■ Reinert contends that he was denied effective assistance of counsel because his attorneys failed to advise him that he could testify at the suppression hearing. The state court found that he did not establish what his testimony would have been, or how it would have altered the outcome of the hearing. *Reinert II,* at 7. *Habeas* relief cannot be granted unless facts are set forth supporting the petitioner's contention that certain testimony would have altered the outcome of the proceedings. *See Zettlemoyer v. Fulcomer,* 923 F.2d 284, 298 (3d Cir.1991) ("[Petitioner] cannot meet his burden to show that counsel made errors so serious that his representation fell below an objective standard of reasonableness based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense"). The state court decision to deny this claim was not based on an objectively unreasonable application of *Strickland.* Therefore, *habeas* relief is not merited on this claim. Reinert's objection is overruled.

### 3. Failure to Introduce a 911 Tape

■ Reinert contends that trial counsel was ineffective for failing to introduce evidence of a 911 tape at the suppression hearing. He argues that the tape, which allegedly contained his stepfather's observations of his physical and mental condition prior to police arriving at his house, would have supported his claim that his statements should have been suppressed. Reinert's stepfather testified as to his observations of Reinert at the suppression hearing. (N.T. Aug. 21, 1991 at 44–47.) The statements on the 911 tape, would therefore have been cumulative. Because Reinert's stepfather testified to his observations, there is no reasonable probability that the 911 tape of his observations would have changed the outcome of the suppression hearing. Reinert's objection is overruled.

*4. Failure to Testify at the Suppression Hearing*

■ Reinert contends that testimony by his trial attorney would have helped to establish his mental state at the time of hospitalization, because his attorney visited him in the hospital. The Superior Court of Pennsylvania found that the attorney's testimony would not have differed from testimony offered by several others as to Reinert's mental state at the time of hospitalization. *Reinert II*, at 6. There is no reasonable probability that the additional testimony would have changed the outcome of the suppression hearing. The state court application of *Strickland* was therefore not unreasonable. Reinert's objection is overruled.

*5. Failure to Obtain Expert Testimony Regarding the Effects of Prozac upon the Victim*

■ Reinert contends that his counsel was ineffective for failing to introduce expert testimony concerning the effects of Prozac on the victim. The trial court refused to allow lay testimony on Prozac without the expert testimony. Reinert intended to use the lay testimony on Prozac as evidence of the victim's alleged suicidal tendencies in order to negate motive.

The Superior Court of Pennsylvania denied this claim, stating that, in addition to the general standard of ineffectiveness, "when a defendant claims that some sort of expert testimony should have been introduced at trial, the defendant must articulate what evidence was available, and who was willing to offer such evidence." *Reinert II*, at 9 (quoting *Commonwealth v. Williams*, 640 A.2d at 1265). Finding that Reinert did not identify such a witness, the court refused to determine whether counsel was ineffective. The Superior Court's refusal to consider Reinert's claim could be construed as an unreasonable application of *Strickland*, if his failure to identify the expert witness precluded consideration of an otherwise meritorious ineffective claim. Here, however, the testimony would have been cumulative. The trial record shows that the defense did produce evidence related to Reinert's relationship to the victim and his concerns that the victim was suicidal. (N.T. Vol. VII, 59.) Reinert thus cannot demonstrate the requisite prejudice to meet the *Strickland* standard. Therefore, *habeas* relief is not merited on this claim. Reinert's objection is overruled.

**Claim IV: Violation of Sixth Amendment Rights to Effective Assistance of Counsel and a Fair Trial Based on Failure to Request or Object to Jury Instructions**

*A. Trial Court Errors*

Reinert alleges that the trial court erred in failing to properly charge the jury on:

(1) the voluntariness of his statements to police and medical staff;

(2) circumstantial evidence;

(3) the unreasonable belief aspect of voluntary manslaughter; and

(4) the use of less than deadly force to prevent a suicide.

■ Jury instructions are matters of state law reviewable in the federal *habeas* context only "where the instruction violates specific constitutional standards imposed on the States through the due process clause of the Fourteenth Amendment." *Hallowell v. Keve*, 555 F.2d 103, 106 (3d Cir.1977). The Superior Court of Pennsylvania concluded that Reinert had waived his claims that the trial court failed to properly charge the jury. *Commonwealth v. Reinert*, No. 4349 Phila., 1994 at 10–11.

■ When the state court will not decide the merits of a state prisoner's federal claims because of procedural default, fed-

eral *habeas* review is precluded absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ion] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). To show cause for the default, Reinert must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Id.* at 753, 111 S.Ct. 2546. To establish that failure to consider the claims will result in a fundamental miscarriage of justice, Reinert must demonstrate "actual innocence." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

### 1. Voluntariness of Statements

Reinert has failed to demonstrate cause and prejudice to overcome default of his contention that the trial court failed to charge the jury regarding the voluntariness of his statements. The record shows that the court charged the jury, "in deciding whether the statement was voluntary, you should weigh all facts and circumstances surrounding the making of the statement which shed light on whether the statement was the product of a rational mind and a free will." (N.T. Vol. IX, 104–05.) This instruction directly addresses the issue of the voluntariness of his statements. Therefore this claim has no merit. Reinert's objection is overruled.

### 2. Circumstantial Evidence

■ The Superior Court found that Reinert waived his claim that the trial court improperly charged the jury on circumstantial evidence by failing to object at trial. Cause for the default is not established because Reinert has not identified an "objective factor external to the defense

[that] impeded counsel's efforts to comply with the state's procedural rule." *Coleman,* 501 U.S. at 753, 111 S.Ct. 2546. Under some circumstances, ineffective assistance of counsel may be considered an objective factor external to the defense. *See id.* at 754, 111 S.Ct. 2546 ("Where a petitioner defaults a claim as a result of the denial of the right to effective assistance of counsel, the State, which is responsible for the denial as a constitutional matter, must bear the cost of any resulting default and the harm to state interests that federal habeas review entails"); 2 James S. Liebman & Randy Hertz, *Federal Habeas Corpus Practice and Procedure* § 26.3(b) (3d ed. 1998). As I will discuss below, however, Reinert has not shown that counsel was ineffective for failing to object to this instruction. Thus, he cannot show cause for the procedural default of this claim. Reinert's objection is overruled.

### 3. Unreasonable Belief Aspect of Voluntary Manslaughter

The trial record indicates that the trial court instruction on self-defense included a discussion of unreasonable belief. (N.T. Vol. XIV, 118–20.) Therefore, Reinert cannot demonstrate prejudice to overcome default of this claim.

### 4. Use of Less than Deadly Force to Prevent a Suicide

■ The victim in this case was stabbed to death. Thus, Reinert was not entitled to an instruction on "less than deadly force". Reinert cannot demonstrate prejudice to overcome the default of this claim.

### B. Ineffective Assistance of Counsel

Reinert claims that his trial attorney provided constitutionally ineffective assistance by: failing to propose proper jury

charges regarding (1) the voluntariness of his statements; (2) homicide by misadventure; and by failing to object to jury instructions on (3) character evidence and (4) circumstantial evidence.

### 1. Voluntariness of Statements

Reinert's contention that trial counsel provided ineffective assistance by failing to propose proper jury instructions regarding the voluntariness of his statements is meritless. As I noted earlier, the trial court submitted comprehensive instructions to the jury on this point. Counsel's performance therefore cannot be characterized as deficient. The state court determination that Reinert was not denied effective assistance of counsel was not an objectively unreasonable application of *Strickland*.

### 2. Homicide by Misadventure

▇▇▇▇ Reinert also contends that he was deprived of effective assistance of counsel because his attorney failed to request a jury instruction on homicide by misadventure. Homicide by misadventure is a killing excused when: (1) the act resulting in death was lawful; (2) the act was done with reasonable care and due regard for the lives and persons of others; and (3) the killing was accidental and not intentional. *See Commonwealth v. Newman*, 310 Pa.Super. 493, 456 A.2d 1044, 1046 (1983). The victim in this case died of six knife wounds in his chest. The act resulting in death cannot therefore be considered a lawful act. The failure to raise such a meritless argument does not deprive a defendant of effective assistance of counsel. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir.1999). The state court's decision that trial counsel was not ineffective with regard to the trial court's instructions was therefore not objectively unreasonable, and *habeas* relief is not mer-

ited on this claim. Reinert's objection is overruled.

### 3. Character Evidence

Reinert claims that his trial counsel was ineffective for failing to object to the court's instructions on character evidence. Reinert argues that the character evidence instruction failed to make clear to the jury that character evidence alone may create reasonable doubt.

▇▇▇▇ The trial court's instructions on character evidence were taken directly from Pennsylvania's suggested standard jury instructions, which are consistent with instructions approved by the Supreme Court of Pennsylvania. *See Commonwealth v. Holland*, 480 Pa. 202, 389 A.2d 1026, 1034 (1978). Counsel cannot be found ineffective for failing to raise meritless objections to proper jury instructions on character evidence. *See Sanders*, 165 F.3d at 253. Therefore, *habeas* relief is not merited on this claim. Reinert's objection is overruled.

### 4. Circumstantial Evidence

Reinert also claims that his trial counsel was ineffective for failing to object to the court's instructions on circumstantial evidence. He argues that the circumstantial evidence instruction omitted critical language.

▇▇▇▇ The trial court instructed the jury that intent can be found "if the circumstantial evidence is strong enough to convince you that the Commonwealth has established this intent beyond a reasonable doubt." (N.T. Vol. IX, 101.) This instruction is consistent with Pennsylvania Supreme Court law. *See Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244, 248 (1976) ("Circumstantial evidence from which guilty knowledge can be inferred is sufficient to sustain a conviction if the

underlying circumstantial evidence is sufficiently strong to support the inference beyond a reasonable doubt"). Counsel's performance therefore did not fall below an objective standard of reasonableness. The state court decision was not an unreasonable application of *Strickland.* Therefore, *habeas* relief is not merited on this claim. Reinert's objection is overruled.

### Claim V: Violation of Sixth Amendment Right to a Fair Trial Based on Refusal to Permit Lay Testimony Concerning Victim's Use of Prozac

■ Reinert claims that the trial court deprived him of his Sixth Amendment right to a fair trial by excluding any reference to the victim's use of Prozac absent expert testimony as to the drug's effects. He argues that the exclusion of Prozac references denied his defense the opportunity to: (1) rebut the Commonwealth's theory of motive; (2) demonstrate his state of mind and level of intent; and (3) present his version of the events to the jury. Reinert also asserts a Fifth Amendment violation within this claim, but fails to specify what the violation is. I will therefore discuss only whether the exclusion of lay testimony on Prozac violated Reinert's Sixth Amendment right to a fair trial.

The trial court found that lay testimony about Prozac would lead the jury to speculate about its effects. The court therefore excluded all references to Prozac as excessively prejudicial.

■ The state court evidentiary ruling, if it were erroneous, may have violated Reinert's constitutional right to present a defense if "the omitted evidence [evaluated in the context of the entire record] creates a reasonable doubt that did not otherwise exist." *Justice v. Hoke,* 90 F.3d 43, 47 (2d Cir.1996) (quoting *United States v. Agurs,* 427 U.S. 97, 112, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)). However, "not every error in

balancing probative value against prejudicial effect amounts to error which rises to constitutional dimensions." *Lesko v. Owens,* 881 F.2d 44, 51 (3d Cir.1989).

■ In reviewing evidentiary rulings of state courts, federal courts "accord the state trial judge the deference [federal courts of appeals] accord federal trial judges, who are in a unique position to assess the relative probative value and inflammatory effect of proffered testimony." *Lesko,* 881 F.2d at 52; *see also* Fed R.Evid. 403 ("Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"). In the Third Circuit, trial court refusals to admit evidence are reviewed for abuse of discretion. *See United States v. Salmon,* 944 F.2d 1106, 1125–26 (3d Cir.1991).

The probative value of the Prozac testimony, which would have supplemented other evidence regarding Reinert's behavior, was limited. The state court did not abuse its discretion in ruling that the probative value of this evidence was outweighed by its prejudicial effect. Reinert cites no cases where Prozac evidence was admitted without expert testimony. That he failed to produce expert testimony on this issue cannot be said to have deprived him of a fair trial.

Reinert presented evidence regarding his motive, state of mind, and version of the events. The Prozac testimony would not have created a reasonable doubt that did not otherwise exist. The state court decision was neither contrary to, or an unreasonable application of, any clearly established federal law. Therefore, *habeas* relief is not merited on this claim. Reinert's objection is overruled.

608

## Claim VI: Violation of Sixth Amendment Right to a Fair Trial Based on Trial Court Evidentiary Rulings

Reinert claims that the trial court deprived him of his Sixth Amendment right to a fair trial by admitting a color video of the crime scene, a series of photographs, and the victim's t-shirt in evidence.

 A federal court reviewing a challenge to a state court evidentiary ruling "must examine the relative probative and prejudicial value of the evidence to determine whether its admission violated the defendant's right to a fair trial." *Lesko,* 881 F.2d at 51. An erroneous balancing of probative value against prejudicial effect may merit *habeas corpus* relief if, "the probative value of such evidence is greatly outweighed by the prejudice to the accused from its admission." *Lesko,* at 51. (quoting *Bisaccia v. Attorney General of N. J.,* 623 F.2d 307, 313 (3d Cir.1980)).

 The trial court considered whether the probative value of the challenged evidence outweighed the likelihood of inflaming the minds and passions of the jurors. According to the court, the color video of the crime scene was relevant for assisting the jurors in following the defendant's testimony, and for conveying the layout of the house, and not inflammatory.

The trial court also ruled that black and white photographs of the victim's body and his blood-stained t-shirt were not inflammatory, and were relevant for determining specific intent.

The state court's factual determination that the evidentiary items were not inflammatory is presumed correct. *See* 28 U.S.C. § 2254(e)(2).· This determination must be accepted, because Reinert has not submitted clear and convincing evidence to the contrary. *See id.* As these items were not inflammatory, the trial court did not abuse its discretion in deciding that they were admissible. This decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2). Therefore, *habeas* relief is not merited on this claim. Reinert's objection is overruled.

## Claim VII: Various Errors Denying Reinert's Sixth Amendment Right to a Fair Trial

Reinert claims that the following "other errors" denied him a fair trial under the Sixth Amendment:

(1) the trial court failed to comply with Pa.R.Crim.P. 23;

(2) the trial court improperly interfered with his defense by ordering the disclosure of attorney work-product;

(3) the prosecutor's closing was improper;

(4) the trial court erroneously permitted the Commonwealth's exhibits to go with the jury during deliberations while refusing to permit defense exhibits to go with the jury;

(5) the trial court impermissibly granted the Commonwealth's motion to strike a juror while denying Reinert's motion to strike;

(6) the trial court improperly allowed the jury to be "life qualified"; and

(7) the trial court improperly dismissed a juror without Reinert's participation.

I will discuss each alleged error in turn.

### 1. Failure to Comply with Pa. R.Crim.P. 23

 A federal court may not grant *habeas corpus* relief for errors of state law. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Reinert's allegation that the trial court failed to comply with Pa.R.Crim.P. 323(i) raises precisely the type of state law error that cannot be addressed in the fed-

eral *habeas* context. While failure to comply with a state procedural rule may amount to a due process violation, a petitioner must raise it as such in state court. *See Duncan v. Henry*, 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). Here, Reinert did not present this error as a due process violation either in state court or in his petition for *habeas corpus*.

### 2. Disclosure of Attorney Work Product

 Reinert next contends that the trial court order requiring his attorney to produce notes of her interview with three witnesses violated his right to counsel under the Sixth Amendment. The Supreme Court held in *Hickman v. Taylor* that oral statements by witnesses reduced to writing by an attorney were privileged material immune from pre-trial discovery. *Hickman v. Taylor*, 329 U.S. 495, 512–13, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *see also United States v. Nobles*, 422 U.S. 225, 247–48, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975) (limiting *Hickman* to pre-trial discovery). The state court decision to order the production of the witness statements occurred when the notes were requested during trial. It was therefore not contrary to, or an unreasonable application of *Hickman*. Therefore, *habeas* relief is not merited on this claim. Reinert's objection is overruled.

### 3. Improper Closing by Prosecutor

 Reinert's claim that the prosecutor's closing remarks were improper is evaluated solely for a due process violation, and the relevant inquiry is whether the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v.*

*Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). No violation of due process was raised in state court with respect to this claim, and Reinert withdrew all such claims pursuant to this Court's Order of July 13, 2000.

### 4. Exhibits with Jury During Deliberations; 5. Motions to Strike Jurors; 6. "Life Qualification" of Jury

Reinert's allegations of trial court error with respect to exhibits sent with the jury, rulings concerning potential jurors, and permission to "life-qualify" potential jurors were raised as errors of state law in state court and in Reinert's petition for *habeas corpus*. Therefore, they cannot be addressed in the federal *habeas* context. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

### 7. Dismissal of Juror

 Reinert claims that a prospective juror was improperly dismissed outside his presence. The Magistrate concluded that Reinert failed to raise this claim in the state courts and therefore it was procedurally defaulted.

It is clear that Reinert did not raise this claim in state court. He has therefore failed to meet his burden of demonstrating that the claim was fairly presented in state court. *See Santana v. Fenton*, 685 F.2d 71, 73–74 (3d Cir.1982). Because the claim was not fairly presented to the state court, it is not exhausted. It should now be dismissed outright because it is procedurally barred under state law.[6] *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir.2000). Reinert has made no showing of cause or

---

**6.** Reinert's only option for raising this claim would be to file a PCRA petition, however, such a petition would be time-barred because his conviction became final in 1994. *See 42 Pa. Cons.Stat.Ann. § 9545(b)* (West 1998).

that dismissal of the claim will result in a fundamental miscarriage of justice to overcome the procedural default of this claim. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Habeas* relief is not merited on this claim. Reinert's objection is overruled.