

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-18-2004

# Singletary v. Blaine

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2339

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Singletary v. Blaine" (2004). *2004 Decisions.* Paper 1000.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1000

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2339

CHRISTOPHER SINGLETARY,

Appellant

v.

CONNOR BLAINE; THE DISTRICT ATTORNEY
OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA,

On Appeal from the United States District Court for
the Eastern District of Pennsylvania

District Court Judge: The Honorable Ronald L. Buckwalter
(D.C. Civ. No. 00-4758)

Submitted Under Third Circuit L.A.R. 34.1(a)
January 23, 2004

Before: ALITO and CHERTOFF, Circuit Judges, and
DEBEVOISE,[*] Senior District Court Judge

(Opinion Filed:  February 18, 2004)

---

[*]Honorable Dickinson R. Debevoise, Senior United States District Judge for the District
of New Jersey, sitting by designation.

OPINION OF THE COURT

**DEBEVOISE, Senior District Court Judge**

Appellant, Christopher Singletary, filed a petition for a writ of habeas corpus in the District Court, alleging, among other things, that by virtue of his trial and appellate counsels' failure to challenge the trial court's "mere presence" jury charge, he was deprived of his federal constitutional right to the effective assistance of counsel. The Magistrate Judge issued a report and recommendation in which she found that this claim was not presented to the State courts, that the claim was not, therefore, exhausted as required by 28 U.S.C. § 2254(b)(1)(A), that the claim was procedurally defaulted under State law, and that petitioner had failed to establish cause and prejudice to excuse his default.

The Magistrate Judge recommended that the petition be denied but that a certificate of appealability be granted with respect to the petitioner's claim that appellate counsel was ineffective for failing to argue that all prior counsel were ineffective for failing to argue that the trial court erred in violation of due process when it gave its jury instruction on mere presence at the scene of the crime. The District Court approved and adopted the report and recommendation, denied the petition and granted the certificate of appealability.

Singletary appealed, asserting that the District Court erred in concluding that he

had failed to exhaust his claim of ineffective assistance of counsel and requesting that we remand the matter to the District Court so that the merits of his claim can be addressed. We have reviewed the record and conclude that it is unnecessary to determine whether Singletary exhausted his State remedies. The petition lacks merit and may be denied on the merits pursuant to 28 U.S.C. § 2254(b)(2). The judgment of the District Court will be affirmed.

## Background

On June 27, 1993 the Philadelphia police arrested Singletary and four other persons who were allegedly engaged in the armed robbery of a home. After indictment and trial in the Court of Common Pleas of Philadelphia a jury found Singletary and his co-defendants guilty of three counts of robbery, burglary, criminal conspiracy and carrying firearms. Singletary was sentenced to an accumulated sentence of 47½ to 95 years imprisonment. The trial court denied post-sentence motions. On direct appeal the Superior Court affirmed, and Singletary did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

On September 13, 1996 Singletary filed a pro se post-conviction relief petition in the Court of Common Pleas under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-9546. The court appointed counsel who filed an amended petition. The amended petition alleged four instances of ineffective assistance of appellate counsel, each containing subparts. Pertinent to the present appeal is the contention that counsels'

3

failure to challenge the jury charge on mere presence constituted ineffective assistance of counsel. Singletary urged that the following instruction, viewed separately or in conjunction with the rest of the jury charge, unavoidably led the jury to conclude wrongly that all defendants must be merely present in order for one defendant to rely on that defense:

> If you believe <u>that the defendants were merely present</u>, you are instructed that mere presence at the scene of a crime is insufficient to support a conviction. Evidence indicating participation in a crime is required. Therefore, if you are satisfied beyond a reasonable doubt <u>that the defendant participated in the crime</u>, you should find defendants guilty; otherwise, <u>if you find the defendants were merely present</u> at the time the crime was committed, you must find defendants not guilty of this crime. (Appellant's counsel's emphasis).

(R. 55).

The Court of Common Pleas dismissed Singletary's post-conviction relief petition. Singletary appealed to the Superior Court. The Superior Court rejected Singletary's ineffective assistance of counsel claim based upon the mere presence charge. It noted the three-part standard that Pennsylvania courts apply to evaluate such a claim, citing <u>Commonwealth v. Ellis</u>, 541 Pa. 285, 293, 662 A.2d 1043, 1047 (1995). The Court analyzed the mere presence charge in the context of the jury charge as a whole and found:

> A review of the above instructions indicates that the trial court fully explained the theory of "mere presence" and the concept of accomplice liability, and informed the jury that if any of the defendants were "merely present," they were not guilty of the crimes charged. The instructions, read in their entirety, clearly, adequately, and accurately presented the law to the jury, and were sufficient to guide the jury in its deliberations. <u>Prosdocimo</u>, <u>supra</u>. We find no merit in Appellant's claim that the court's instructions

4

regarding "mere presence" were erroneous, and, accordingly, find no merit in his claim of ineffective assistance of counsel predicated on that claim.

(R. 49a).

The Superior Court affirmed the decision of the Court of Common Pleas. The Pennsylvania Supreme Court denied Singletary's request for discretionary review.

Singletary filed a pro se petition for a writ of habeas corpus in the District Court, raising five claims of appellate counsel ineffectiveness. Subsequently his retained counsel filed a memorandum of law arguing only the contention that appellate counsel was ineffective for failing to argue that all prior counsel were ineffective for failing to argue that the trial court erred when it gave its jury instruction on mere presence at the scene of the crime. Retained counsel contended that the instruction violated both State law and the Due Process Clause of the United States Constitution.

The District Court referred the petition to a Magistrate Judge for a report and recommendation. The Magistrate Judge concluded that Singletary's due process challenge to the trial court's mere presence instruction and the related ineffective assistance of counsel claim were not presented to the State courts and were unexhausted. Further, the Magistrate Judge held that these unexhausted claims were procedurally defaulted, and that Singletary had not alleged cause and prejudice to excuse the default. Therefore, the Magistrate Judge concluded that "the court cannot review on its merits the claim that his prior counsel were ineffective for failing to argue that the jury instruction at issue violated due process." (R.68a).

5

The Magistrate Judge concluded that reasonable jurists could debate whether Singletary presented a due process argument in the State courts and that reasonable jurists could also debate whether the mere presence instruction violated due process. Consequently she recommended that a certificate of appealability be granted.

The District Court approved and adopted the report and recommendation of the Magistrate Judge, denied Singletary's petition and granted a certificate of appealability "only with respect to the Petitioner's claim that appellate counsel was ineffective for failing to argue that all prior counsel were ineffective for failing to argue that the trial court erred in violation of due process when it gave its jury instruction on mere presence at the scene of the crime."

## Jurisdiction

The District Court had jurisdiction of Singletary's petition under 28 U.S.C. § 2254(a). The District Court having granted a certificate of appealability, we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

## Discussion

Without deciding whether petitioner raised his federal due process claim of ineffective assistance of counsel in the State courts, we address the merits of that claim. Petitioner asserts that the mere presence instruction violated due process because it allowed the jury to convict him even if he was merely present at the scene of the crime so long as at least one other defendant was not merely present. He further asserts that his

6

counsel in the State criminal proceedings were ineffective for failing to advance this issue in those proceedings.

We have reviewed the State trial court's jury charges in their entirety. When reviewed thus, we conclude that no reasonable juror could adopt petitioner's construction of the mere presence charge. During its charge the trial court often referred to "defendants," when it might have been preferable to have referred to "a defendant" or "the defendant."[1] However, when viewed in the entire context of the charge, it is abundantly clear that the jurors were required to examine separately each defendant's culpability or non-culpability.[2] We agree with the Pennsylvania Superior Court that "the

---

[1] E.g., "One, in order to find defendants [a defendant] guilty of conspiracy to commit robbery, you must be satisfied initially that the following two elements of a conspiracy have been proven beyond a reasonable doubt:

"First, that the defendants [the defendant] agreed with one or more persons that they or one or more of them would engage in conduct which constitutes the crime of robbery . . .

"Second, that the defendants [the defendant] did so with the intent of promoting or facilitating the crime of robbery" (R. 13a).

[2] The presumption of innocence charge read: ". . . the defendant is presumed innocent throughout the trial and unless and until you conclude, based on careful and impartial consideration of the evidence, that the Commonwealth has proven him guilty beyond a reasonable doubt." (R. 17a).

The burden of proof charge read: ". . . it is the Commonwealth that always has the burden of proving each and every element of the crime charged and that the defendant is guilty of the crime beyond a reasonable doubt." (R. 17a).

A supplemental charge concerning guilt as an accomplice read: "A defendant is guilty of a crime if he is an accomplice of another person who commits that crime. A defendant does not become an accomplice merely by being present at the scene or knowing about the crime. He is

7

trial court fully explained the theory of 'mere presence' and the concept of accomplice liability, and informed the jury that if any of the defendants were 'merely present,' they were not guilty of the crimes charged." (R. 49a).

There is a two part test for claims of ineffectiveness of counsel. First a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). Second, the petitioner must show that counsel's deficient performance "prejudiced the defense" by, "depriv[ing] the [petitioner] of a fair trial, a trial whose result is reliable." Id. at 687.

In the present case we have found that the jury charge did not permit the jury to find petitioner guilty if he were merely present at the scene of the crime. Thus the premise supporting petitioner's Sixth Amendment ineffective assistance of counsel claim fails. It would have been futile for trial or appellate counsel to have advanced this claim. An attorney cannot be ineffective for failing to raise a claim that lacks merit. Moore v. Deputy Commissioner of SCI - Huntingdon, 946 F.2d 236, 245 (3d Cir. 1991).

Because petitioner's substantive constitutional claim lacks merit, his request for habeas relief may be denied even if there has been a failure to exhaust his State remedies. 28 U.S.C. § 2254(b)(2); Duncan v. Morton, 256 F.3d 189, 203 n.6 (3d Cir. 2001).

---

an accomplice if, with the intent of promoting or facilitating the commission of the crime, he solicits, commands, encourages, requests the other person to commit it, or he aids, agrees to aid or even attempts to aid the other person in the planning or committing it . . .." (R. 27a).

## **Conclusion**

Without deciding whether petitioner exhausted his state remedies we will affirm the judgment of the District Court because petitioner has not established that his Sixth Amendment right to effective assistance of counsel was violated.