**Keith BLOUNT, Petitioner,**

**v.**

**UNITED STATES of America,
Respondent.**

No. CIV.A. 02–7418.
No. CRIM.A. 98–412.

United States District Court,
E.D. Pennsylvania.

July 21, 2004.

M. Taylor Aspinwall, United States Attorney's Office, Philadelphia, PA, for Plaintiff.

Brian J. MC Monagle, MC Monagle, Perri & MC Hugh, Philadelphia, PA, Cheryl J. Sturm, Cheryl J. Sturm, Attorney at Law, Chadds Ford, Peter Goldberger, Law Offices of Peter Goldberger, Ardmore, PA, for Defendant.

## MEMORANDUM

ROBRENO, District Judge.

Before the court is Petitioner Keith Blount's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Petitioner was charged by indictment with one count of distributing one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1).

## I. BACKGROUND

Blount was convicted after a jury trial. He was sentenced on November 23, 1999, to 264 months of incarceration, to run concurrently with a state sentence for unrelated conduct. Petitioner took an appeal from his conviction, asserting three claims. He argued that the evidence was insufficient to support his conviction, that the district court committed plain error in instructing the jury that the government did not have to prove that Blount knew that the drugs distributed were cocaine rather than some other controlled substance, and that the government should have been required to submit the question of drug quantity to the jury, despite the fact that his trial counsel agreed to stipulate to the amount distributed, because that fact increased the statutory maximum penalty. The Third Circuit Court of Appeals affirmed this Court. *U.S. v. Blount,* 251 F.3d 154 (3d Cir.2000). Certiorari was denied October 1, 2001. *Blount v. U.S.,* 534 U.S. 908, 122 S.Ct. 245, 151 L.Ed.2d 178 (2001).

■■■ Petitioner now makes five allegations in support of his claim for relief pursuant to 28 U.S.C. § 2255.[1] First, Petitioner contends that trial counsel was

---

1. Petitioner originally raised a claim that trial counsel was ineffective for not investigating,

ineffective for failing to seek a mistrial as a result of particular testimony by an officer. Second, Petitioner argues that trial counsel was ineffective for failing to call Vincent Billue to testify at trial. Third, Petitioner alleges that trial counsel was ineffective for failing to request a downward departure for the time already served in state and county custody.[2]

## II. ANALYSIS

Criminal defendants are guaranteed the right to counsel by the Sixth Amendment. The legal standard for determining whether counsel was so ineffective as to constitute a violation of a defendant's right to counsel was articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court established a two-prong test that must be satisfied before a conviction is overturned based on ineffectiveness of counsel:

First the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so egregious that counsel was not functioning as "counsel" guaranteed the

defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so egregious as to deprive the defendant of a fair trial whose result is reliable.

*Id.* at 687, 104 S.Ct. 2052. To establish prejudice requires a showing that, but for alleged deficiencies of counsel, the outcome of the case would have been different. *Hess v. Mazurkiewicz*, 135 F.3d 905, 909 (3d Cir.1998) Counsel cannot, however, be found ineffective for failing to raise a claim that lacks merit. *Singletary v. Blaine*, 89 Fed.Appx. 790, 2004 WL 322570 (3d Cir. 2004) (non-precedential opinion), *citing Moore v. Deputy Commissioner of SCI–Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991).

A. *Petitioner's Claim that Trial Counsel was Ineffective for Failing to Request a Mistrial as a Result of Allegedly Unfairly Prejudicial Testimony.*

■ Petitioner asserts that the testimony of Task Force Officer Richard Domin-

---

determining, and objecting to the alleged fact that the indictment was not signed and returned in open court, but has since withdrawn that claim.

**2.** Petitioner's two additional claims do not warrant lengthy explication. First, relying on *U.S. v. Dean*, 59 F.3d 1479 (5th Cir.1995), *U.S. v. Lopez–Ramirez*, 68 F.3d 438 (11th Cir. 1995), and *U.S. v. Boissoneault*, 926 F.2d 230 (2d Cir.1991), Petitioner asserts that Officer Dominick's testimony must be excluded from a sufficiency of the evidence analysis because mere presence at a place in which criminal activity is taking place is not sufficient to support a conviction for that crime, and counsel was ineffective for failing to assert this claim. As explained in this opinion, this is not a case of mere presence. Furthermore, none of the cases cited by Petitioner dictates that testimony by an officer drawing conclusions linking conduct of the accused with illicit activity must be excluded from a court's

analysis regarding sufficiency of the evidence. This argument has no merit. Counsel is not ineffective for failing to pursue meritless claims. *See U.S. v. Fulford*, 825 F.2d 3, 9 (3d Cir.1987); *see also U.S. v. Sanders*, 165 F.3d 248, 253 (3d Cir.1999).

Second, Petitioner contends that, in light of his other arguments, the evidence was insufficient to support his conviction. The Third Circuit Court of Appeals denied Petitioner's appeal in which he argued that there was insufficient evidence to support his conviction. *See U.S. v. Blount*, 251 F.3d 154 (3d Cir.2000) (non-precedential). This claim has already been determined to be without merit by the appellate court and, therefore, absent the factors enumerated by *U.S. v. Palumbo*, 608 F.2d 529, 533 (3d Cir.1979), none of which are present here, "cannot be relitigated collaterally on a § 2255 motion." *See Henkel v. U.S.*, 367 F.Supp. 1144, 1145 (W.D.Pa. 1973) (citations omitted). Therefore, this claim is also without merit.

ick was unfairly prejudicial and that trial counsel was ineffective for failing to move for a mistrial as a result of that testimony. Petitioner claims that Officer Dominick's testimony permitted the jury to convict Petitioner on evidence of Petitioner's mere presence at the scene of the crime. Officer Dominick testified as follows:

Q: Was there-you would agree with me that there-that nobody says the cocaine is in the trunk, is that right?

A: That's correct, it's not done that way.

Q: Well, why isn't it done that way?

A: Any time in my experience in over twelve years investigating narcotics complaints is that when you come to meet with anyone to purchase narcotics, it's never referred to as what you're purchasing. It's always referred to as the product, or it's there or it's here. The word heroin, cocaine, marijuana is never used. In my experience, I've never heard it used. It's always used-you use a different word. It's just never used. And also it's also been my experience that people not involved in a narcotics exchange or a narcotics sale that are not involved are not present.

Trial Transcript at 55–56 (March 2, 1999) (doc. no. 107). Trial counsel immediately objected and the objection was sustained. The Assistant U.S. Attorney then asked Officer Dominick, "[w]hat was your understanding of the role played in this deal by Mr. Blount?" *Id.* at 56. This question also drew immediate objection, which was sustained by the court. The Assistant U.S. Attorney later requested, outside of the presence of the jury, for leave to recall Officer Dominick as an expert witness in order to elicit Officer Dominick's opinion about "whether, in his experience as an undercover officer, those people who have arrived and with whom he has conducted transactions were people who knew about it and were involved in it." *Id.* at 86. Again, defense counsel raised an objection, which was again sustained by this court. As a result of trial counsel's timely objections, the government was prevented from pursuing the allegedly offensive line of questioning.

■ Not only did trial counsel effectively prevent this line of questioning, but also the court charged the jury in the jury instructions that mere presence at the scene of the crime or mere knowledge of the crime is not sufficient conduct to find that a defendant committed a crime. Tr. at 56 (March 3, 1999) (doc. no. 108). Specifically, the court instructed the jury that,

merely being present at the scene of the crime, or merely knowing that a crime is being committed, or is about to be committed is not sufficient conduct to find that a defendant committed that crime. In order to find a defendant guilty of the crime, the Government must prove beyond a reasonable doubt that in addition to being present or knowing about a crime, the defendant knowingly and deliberately associated himself with the crime in some way as a participant. Someone who wanted the crime committed, not a mere spectator.

*Id.* at 57.[3] "It is a basic tenant of our jurisprudence that a jury is presumed to have followed the instructions the court gave it." *U.S. v. Givan,* 320 F.3d 452, 462 (3d Cir.2003). There is nothing in the

---

3. The Court had also instructed the jury at the beginning of trial that, the jury "should not be influenced by the objection or my ruling on that objection. If the objection is sustained, ignore the question....Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered by you." Tr. at p. 4 (March 3, 1999) (doc. no. 108).

record which suggests that the jury did not follow the court's instructions.

Finally, there was substantial evidence from which the jury could have found Petitioner guilty of the charged offense. As the Court of Appeals adduced, "Blount helped make preparations for the [sales] meeting, arrived with [co-defendant] Billue, stood within feet of the open trunk while the others conducted the physical transfer of the drugs, and carried the bag containing $24,000 in cash after the sale." *See U.S. v. Blount,* 251 F.3d 154 (3d Cir. 2000) (non-precedential). When viewed against the backdrop of the incriminating evidence presented against Blount in a trial that extended over the course of three days (contained in 220 pages of transcript), the allegedly improper statement of Officer Dominick did not warrant a mistrial.

Counsel was not ineffective for not requesting a mistrial based on Officer Dominick's testimony. Furthermore, because any such request would have been denied, no prejudice resulted from either counsel's performance or Officer Dominick's statement.

B. *Claim of Ineffective Assistance of Counsel for Failure to Call Vincent Billue as a Defense Witness.*

█ Petitioner also alleges that trial counsel was ineffective for failing to call Vincent Billue as a defense witness. Petitioner and Billue were indicted for this crime, but, Petitioner contends, Billue was willing to testify that Petitioner was not involved in the drug transaction and that counsel was ineffective for failing to conduct a reasonable investigation to learn of Billue's allegedly exculpatory statement and for failing to call Billue as a witness at trial. At the hearing in the instant matter, Billue testified consistently with previous statements that Blount was not involved in the drug transaction and that Blount was merely an innocent bystander.

█ The decision of whether to call or not to call a witness at trial is "precisely that type of strategic trial decision that *Strickland* protects from second-guessing." *Clark v. Klem,* Civ. No. 02–2850, 2004 WL 534038, at *5, 2004 U.S. Dist. LEXIS 4621, at *16 (E.D.Pa. March 10, 2004), *citing Sanders v. Trickey,* 875 F.2d 205, 212 (8th Cir.1989). When a petitioner claims that trial counsel is ineffective for failing to call a witness, "he must make a specific, affirmative showing as to what the missing evidence would have been and prove that this witness's testimony would have produced a different result." *U.S. v. Dover,* Civ. No. 00–4495, Cr. no. 96–181, 2002 WL 32351180, at *7, 2002 U.S. Dist. LEXIS 22285, at *27, (E.D.Pa. May 17, 2002), *citing Patel v. United States,* 19 F.3d 1231, 1237 (7th Cir.1994) (citations omitted). Because the decision about whether to call a particular witness is strategic decision, there is a "strong presumption" that "counsel's decision not to call [a witness] was the result of sound trial strategy." *Reinert v. Larkin,* 211 F.Supp.2d 589, 599 (E.D.Pa.2002) (relying on *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052, for the proposition that the petitioner had not cited any law to overcome the strong presumption that counsel's decision not to call an officer was the result of sound trial strategy).

In connection with the instant matter, trial counsel testified that he was aware of Billue's proposed testimony that Blount was not involved in the drug transaction. However, counsel testified that he believed that if he called Billue as a witness, it would have opened the door for the government[4] to question Billue about a recorded conversation during which Billue

---

4. A letter from the prosecutor to trial counsel indicated that the prosecutor would have inquired about Billue's criminal record and prior conversations Billue had with Petitioner and others implicating Petitioner in drug activity if Billue was called as a defense witness. Specifically, the prosecutor would

stated that Blount had been involved in another drug transaction with Billue. To put it another way, the possibility that Billue's proposed exculpatory testimony would exonerate Blount was tempered by the prospect that the reference by Billue to another drug transactions with Blount would have undermined Blount's claim that his presence at the scene of the instant drug transaction was innocent and fortuitous.

The court finds that the decision not to call Billue was well within the bounds of reasonable representation. Not calling Billue was a strategic decision on the part of counsel, based on a balancing of the possible benefits of Billue's testimony against the detriment that disclosure of another drug transaction between Billue and Blount would have severely damaged Billue's defense.

*Towns v. Smith,* No. 99–75693, 2003 WL 21488333, 2003 U.S. Dist. LEXIS 10772 (E.D. Mich. June 25, 2003), upon which Petitioner relies, is not to the contrary. In that case, the attorney failed to conduct any investigation at all, even to interview the potential witness, and thus, did not know whether the accomplice would say anything to either implicate or exculpate Towns in the crime for which he was charged. By contrast, in this case, Blount's attorney had specific knowledge of the potential damage Billue's testimony would cause to Blount's defense that he was merely an innocent bystander.[5]

Even assuming counsel was deficient in failing to call Billue as a witness, Petitioner cannot demonstrate prejudice. Petitioner fails to meet the *Strickland* burden of "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Had Billue been called as a witness, as discussed above, Billue would have been confronted with his earlier conversations with a confidential informant during which he stated that he had purchased cocaine for Blount. Given that the value of Billue's testimony would likely have dissipated when confronted with his earlier statements implicating Blount in previous drug transactions, this court finds that Petitioner has failed to meet his burden under *Strickland* of reasonable probability that, but for counsel's alleged error, Blount's trial would have resulted in a different outcome.

C.  *Ineffective Assistance of Counsel for Requesting Federal Sentence to Run Concurrently with State Sentence Rather than Requesting a Downward Departure to Reflect Time Served in State Custody.*

▇▇▇  When the federal indictment was returned, Blount was serving a Pennsylvania state sentence of two to five years and a Philadelphia County sentence of eleven to twenty-three months on unrelated charges.[6] Petitioner argues that counsel

---

[5]  have sought to cross-examine Billue concerning a tape recorded discussion about a prior drug transaction he arranged for Petitioner, in which Billue states that he purchased a kilogram of cocaine for Blount at Blount's request, which would have undermined Petitioner's claims that he was merely an innocent bystander. The prosecutor also informed trial counsel that she would have cross-examined Billue about a subsequent attempt by Billue and Petitioner to purchase ten kilograms of cocaine.

[5]  *Towns* is further distinguishable because defense counsel in *Towns* died before the habeas petition and, therefore, could not provide an explanation for his failure to interview or call Richards as a witness. Blount's trial counsel gave an explanation for his decision not to seek Billue's testimony, which is grounded in strategic considerations.

[6]  The county sentence resulted from a struggle between Petitioner and a police officer, on July 27, 1997, during which Petitioner took the officer's gun. The state sentence was the

was ineffective for failing to request a downward departure to give Petitioner full credit for time already served in state custody. The parties agree that U.S.S.G. Section 5G1.3 allows the court, in its discretion, to fashion a sentence that takes into account time served in state custody in order to avoid disparate sentencing by departing downward. The parties agree that sentencing counsel failed to seek a downward departure to take into account the time that Petitioner served in state confinement before federal sentencing, believing that such a departure could not be granted. Further, the government agrees that the proper remedy in this case is to re-sentence the defendant in order to determine whether or not a downward departure is warranted based on the facts of this case. The court agrees and a re-sentencing will be ordered.

III. Conclusion

For the foregoing reasons, Petitioner Keith Blount's motion to, vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, is granted in part and denied in part. A new sentencing hearing will take place to consider whether a downward departure, for time spent in state incarceration before federal sentencing, is warranted. An appropriate order follows.

ORDER

AND NOW, this 21st day of JULY, 2004, upon consideration of the motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (doc. no. 113), the Government's response (doc. no. 116), Petitioner's traverse (doc no. 119), and oral argument from the parties, it is hereby ORDERED that the motion is

result of Petitioner's possession, on September 24, 1997, of a .9 mm pistol with an

GRANTED IN PART AND DENIED IN PART.

It is FURTHER ORDERED as follows:

1. a re-sentencing will take place on August 23, 2004, at 4:00 p.m., to consider whether a downward departure to take into account time served in state incarceration prior to the federal sentencing is warranted;

2. The parties may make written submissions no later than August 16, 2004; and

3. all other claims for relief are DENIED.

AND IT IS SO ORDERED.

obliterated serial number.